## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **ADRIENNE BOONE,** | |
| *Plaintiff,* | |
| **v.** | **CASE NO.: 1:22-CV-51** |
| **WELLS FARGO BANK, NATIONAL ASSOCIATION,** | |
| *Defendant.* | |

## COMPLAINT AND JURY REQUEST

**NOW COMES** the Plaintiff, Adrienne Boone ("Boone"), and complaining of the Defendant, Wells Fargo Bank, National Association ("Wells Fargo"), alleges the following to be true:

## INTRODUCTION

**1**      This action arises from Wells Fargo's failure to promote Boone based on her race in violation of Title VII, 42 U.S.C. §§ 2000e *et seq.* and 42 U.S.C. § 1981, sex in violation of Title VII, 42 U.S.C. §§ 2000e *et seq.*, and age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, as well as retaliation against Boone for making a discrimination complaint in violation of those same statutes.

-1-

**2**     Each paragraph of this Complaint incorporates all others, and all exhibits are incorporated as if fully laid out herein.

## PARTIES, JURISDICTION, AND VENUE

**3**     Boone is a resident of Guilford County, North Carolina, and is neither a minor nor incompetent.

**4**     Wells Fargo is a foreign corporation with offices in Guilford County, North Carolina, and a registered agent in Raleigh, North Carolina.

**5**     This Court has subject-matter jurisdiction over this action pursuant to any/all of the following:

> **5.1**     28 U.S.C. § 1331, as the action arises out of 42 U.S.C. §§ 2000e *et seq.*, 42 U.S.C. § 1981, 42 U.S.C. §§ 2000e *et seq.*, and 29 U.S.C. §§ 621 *et seq.*;

**6**     This Court has personal jurisdiction over all parties to this matter pursuant to any/all of the following:

> **6.1**     Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located;

> **6.2**     N.C. Gen. Stat. § 1-75.4(1)(d), as Wells Fargo was engaged in substantial business activity within this state at the time service of process was made upon it.

**6.3** N.C. Gen. Stat. § 1-75.4(3), as this action arises from a local act or omission causing injury to Boone's person or property.

**7** Venue is proper in this Court pursuant to any/all of the following:

**7.1** 28 U.S.C. § 1391(b)(1), as all Defendants are residents of North Carolina and at least one defendant is a resident of the Middle District of North Carolina;

**7.2** 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in the Middle District of North Carolina.

## STATEMENT OF THE FACTS

**8** Boone is a black female over the age of 40.

**9** Boone began working for Wachovia in 2006.

**10** In 2011, Boone was an officer at Wachovia when it was bought by Wells Fargo.

**11** Boone continued to serve as an officer for Wells Fargo until 2017 when she took a position as an IFS Associate.

**12** In her role as an IFS Associate, she performed the duties of an Investment Management Specialist, but was not salaried and did not receive Investment Management Specialist pay, bonus or benefits.

Case 1:22-cv-00051   Document 1   Filed 01/24/22   Page 3 of 10

**13**      When Wells Fargo terminated an Investment Management Specialist in 2019, Boone was assigned all of her clients. When Boone asked if she was going to get the title of Investment Management Specialist, they said no.

**14**      In February 2020, Wells Fargo posted an Investment Management Specialist position.

**15**      Boone applied and interviewed for the new Investment Management Specialist.

**16**      The position was then cancelled and left unfilled. Ostensibly the position was deemed unnecessary, but this was only because Boone was already doing all the work.

**17**      Boone continued to inquire about a promotion to Investment Management Specialist because she continued to do the work.

**18**      In a one-on-one meeting, Boone's immediate supervisor told Boone that the differences between her position and an Investment Management Specialist were arbitrary.

**19**      In September 2020, Boone complained in an email to CEO Charlie Scharf about issues of race, sex, and age discrimination.

**20**      Wells Fargo allegedly investigated Boone's complaints and determined them to be unfounded.

**21**      Shortly after her complaint, Boone's accounts were reduced so that she was no longer eligible for a future Investment Management Specialist position.

Case 1:22-cv-00051   Document 1   Filed 01/24/22   Page 4 of 10

**22**     On December 11, 2020, Boone filed an EEOC charge alleging race, sex, and age discrimination, as well as retaliation.

**23**     Wells Fargo has More than 500 employees.

## FIRST CAUSE OF ACTION
### Race Discrimination Failure to Promote
*Title VII, 42 U.S.C. §§ 2000e et seq.*

**24**     Boone is black, a member of a protected class.

**25**     Boone applied for the specific position of Investment Management Specialist.

**26**     Boone was qualified for the position.

**27**     Boone's application was rejected under circumstances giving rise to an inference of discrimination.

## SECOND CAUSE OF ACTION
### Race Discrimination Failure to Promote
*42 U.S.C. § 1981*

**28**     Boone is black, a member of a protected class.

**29**     Boone applied for the specific position of Investment Management Specialist.

**30**     Boone was qualified for the position.

**31**     Boone's application was rejected under circumstances giving rise to an inference of discrimination.

## THIRD CAUSE OF ACTION
### Sex Discrimination Failure to Promote
*Title VII 42 U.S.C. §§ 2000e et seq.*

**32**      Boone is female, a member of a protected class.

**33**      Boone applied for the specific position of Investment Management Specialist.

**34**      Boone was qualified for the position.

**35**      Boone's application was rejected under circumstances giving rise to an inference of discrimination.

## FOURTH CAUSE OF ACTION
### Age Discrimination Failure to Promote
*Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq.*

**36**      Boone is over 40, a member of a protected class.

**37**      Boone applied for the specific position of Investment Management Specialist.

**38**      Boone was qualified for the position.

**39**      Boone's application was rejected under circumstances giving rise to an inference of discrimination.

## FIFTH CAUSE OF ACTION
### Retaliation
*Title VII 42 U.S.C. §§ 2000e et seq.*

**40**     Boone engaged in a protected activity: making a race and sex discrimination complaint.

**41**     Boone suffered an adverse employment action of having her accounts reduced.

**42**     There was a causal connection between the protected activity and the adverse employment action.

## SIXTH CAUSE OF ACTION
### Retaliation
*42 U.S.C. § 1981*

**43**     Boone engaged in a protected activity: making a race discrimination complaint.

**44**     Boone suffered an adverse employment action of having her accounts reduced.

**45**     There was a causal connection between the protected activity and the adverse employment action.

## SEVENTH CAUSE OF ACTION
### Retaliation
*Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq.*

**46**     Boone engaged in a protected activity: making an age discrimination complaint.

**47**     Boone suffered an adverse employment action of having her accounts reduced.

**48**     There was a causal connection between the protected activity and the adverse employment action.

## PRAYER FOR PUNITIVE DAMAGES

**49**     Defendant is liable for compensatory damages and at least one of the following factors was present and related to the conduct for which it is liable:

    **49.1**     Malice;

    **49.2**     An evil motive; and/or

    **49.3**     Callous indifference to a federally protected right.

**50**     Officers, directors, and/or managers of Defendant participated in and/or condoned the conduct constituting the aggravating factor giving rise to punitive damages.

## REQUEST FOR JURY TRIAL

**51**     Plaintiff requests a trial by jury on all issues so triable.

    **WHEREFORE,** the Plaintiff respectfully requests this Court that it:

**1**     Enter Judgment for Boone against Defendant on all causes of action contained herein;

**2**     Award Boone damages, including punitive damages, in an amount to be determined at trial;

**3**     Tax the costs of this action against Defendant and award Boone reasonable attorney fees as permitted by law, and;

**4**     Grant such other and further relief as the Court deems just and proper.

-8-

*Respectfully submitted on this, the 24th day of January 2022,*

/s/ WILSON FONG
*Attorney for the Plaintiff*
NC State Bar No. 50708
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
will.fong@hensellaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2022, I electronically filed the foregoing

Complaint and Request for Jury Trial with the Clerk of Court using the CM/ECF system,

and will serve the following by Certified Mail, return receipt:

> Wells Fargo Bank, National Association
> c/o Corporation Service Company
> 2626 Glenwood Ave, Suite 550
> Raleigh, NC 27608
> *Defendant*

> /s/ WILSON FONG
> *Attorney for the Plaintiff*
> NC State Bar No. 50708
> HENSEL LAW, PLLC
> Post Office Box 39270
> Greensboro, North Carolina 27438
> Phone: (336) 218-6466
> Fax: (336) 218-6467
> will.fong@hensellaw.com

-10-