IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ADRIENNE BOONE, )<br>)<br>　　　　Plaintiff, )<br>)<br>　v. )<br>)<br>WELLS FARGO BANK, NATIONAL )<br>ASSOCIATION, )<br>)<br>　　　　Defendant. ) | 1:22-cv-51 |

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Presently before this court is Defendant Wells Fargo Bank, National Association's ("Wells Fargo") Motion to Dismiss. (Doc. 5.) For the reasons provided herein, Defendant's motion will be granted in part and denied in part.

## I. BACKGROUND

On a motion to dismiss, a court must "accept as true all of the factual allegations contained in the complaint . . . ." Ray v. Roane, 948 F.3d 222, 226 (4th Cir. 2020). The facts, as alleged by Plaintiff, are as follows.

Plaintiff Adrienne Boone is a resident of Guilford County, North Carolina. (Compl. and Demand for Jury Request ("Compl.")

(Doc. 1) ¶ 3.)[1] Plaintiff "is a black female over the age of [forty]." (Id. ¶ 8.) In 2006, Plaintiff began working for Wachovia as an officer. (Id. ¶¶ 9-10.) When Wells Fargo purchased Wachovia in 2011, Plaintiff continued "to serve as an officer for Wells Fargo until 2017." (Id. ¶¶ 10-11.) In 2017, Plaintiff accepted a position as an IFS Associate at Wells Fargo. (Id. ¶¶ 11-12.) "In her role as an IFS Associate, she performed the duties of an Investment Management Specialist, but was not salaried and did not receive Investment Management Specialist pay, bonus or benefits." (Id. ¶ 12.) In 2019, Wells Fargo terminated an Investment Management Specialist ("IMS"); Plaintiff was assigned that IMS's clients but did not receive the IMS title. (Id. ¶ 13.)

In February 2020, Wells Fargo posted an IMS position for which Plaintiff applied and was interviewed. (Id. ¶¶ 14-15.) Plaintiff did not receive the position, as "[t]he position was . . . cancelled and left unfilled." (Id. ¶ 16.) Plaintiff alleges that "[o]stensibly the position was deemed unnecessary, but this was only because [Plaintiff] was already doing all the work." (Id.) Plaintiff further inquired about a promotion to

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

IMS, (id. ¶ 17), and Plaintiff's supervisor told Plaintiff that the differences between an IFS Associate and an IMS were "arbitrary," (id. ¶ 18).

In September 2020, Plaintiff emailed Wells Fargo CEO Charlie Scharf complaining of race, sex, and age discrimination. (Id. ¶ 19.) Wells Fargo investigated Plaintiff's email allegations and "determined them to be unfounded." (Id. ¶ 20.) Although Plaintiff does not allege a specific date, Plaintiff alleges that "[s]hortly after her complaint," her accounts were reduced such that Plaintiff would no longer be eligible for a promotion to the IMS position, should one become available. (Id. ¶ 21.)

On December 11, 2020, Plaintiff filed a charge of employment discrimination alleging race, sex, and age discrimination, as well as retaliation, with the Equal Employment Opportunity Commission ("EEOC"). (See id. ¶ 22.) The EEOC issued Plaintiff a right to sue letter on October 27, 2021. (Ex. 1, Notice of Right to Sue ("Right to Sue Letter") (Doc. 7-1).)

On January 24, 2022, Plaintiff filed her complaint in this court alleging race, sex, and age discrimination, as well as retaliation. (Compl. (Doc. 1) at 5–8.) Specifically, Plaintiff alleges: race discrimination for Plaintiff's non-promotion to

the IMS position in violation of Title VII of the Civil Rights Act ("Title VII") and 42 U.S.C. § 1981; sex discrimination for Plaintiff's non-promotion to the IMS position in violation of Title VII; age discrimination for Plaintiff's non-promotion to the IMS position in violation of the Age Discrimination in Employment Act ("ADEA"); and retaliation in violation of Title VII, 42 U.S.C. § 1981, and the ADEA. (Id.)

Defendant filed a motion to dismiss Plaintiff's complaint, (Doc. 5), as well as a brief in support of that motion (Mem. in Supp. of Mot. to Dismiss ("Def.'s Br.") (Doc. 6)). Plaintiff has responded in opposition. (Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Resp.") (Doc. 7).) Defendant has replied. (Reply in Supp. of Mot. to Dismiss ("Def.'s Reply.") (Doc. 8).) Defendant's Motion to Dismiss, (Doc. 5), is ripe for adjudication.

## II. **STANDARD OF REVIEW**

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference

- 4 -

Case 1:22-cv-00051-WO-LPA   Document 9   Filed 03/31/23   Page 4 of 20

that the defendant is liable for the misconduct alleged" and demonstrates "more than a sheer possibility that a defendant has acted unlawfully." Id. The factual allegations must be sufficient to "raise a right to relief above the speculative level" so as to "nudge[] the[] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 555, 570; see also Iqbal, 556 U.S. at 680.

When ruling on a motion to dismiss, this court accepts the complaint's factual allegations as true. Iqbal, 556 U.S. at 678. Further, this court liberally construes "the complaint, including all reasonable inferences therefrom . . . in the [claimant's] favor." Est. of Williams-Moore v. All. One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004). This court does not, however, accept legal conclusions as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Employment discrimination complaints must meet the Twombly/Iqbal plausibility standard; however, the plaintiff is not required to make out a prima facie case or satisfy any heightened pleading requirements at the motion to dismiss stage. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002); McCleary-Evans v. Md. Dep't of Transp., 780 F.3d 582, 584–85

- 5 -

(4th Cir. 2015). The plaintiff is, however, required to plead facts that permit the court to reasonably infer each element of the prima facie case. McCleary-Evans, 780 F.3d at 585; see also Iqbal, 556 U.S. at 682-83 (plaintiff must plead facts supporting a reasonable inference she was discriminated against because of her race or sex).

III. **ANALYSIS**

Defendant moves to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to plausibly allege her claims, (see Def.'s Br. (Doc. 6) at 3-9), and for failure to comply with the administrative perquisites to bring a timely employment discrimination case in federal court, (see id. at 9-10).

This court finds Plaintiff has failed to plausibly allege discrimination based on race, sex, and age, so this court will grant Defendant's motion to dismiss as to the First, Second, Third, and Fourth Causes of Action without prejudice. This court further finds that Plaintiff has plausibly pled a claim for retaliation, so the motion to dismiss will be denied in part as to the Fifth, Sixth, and Seventh Causes of Action. In light of

these holdings, this court does not address Defendant's argument that Plaintiff's filing of the EEOC charge is untimely.[2]

### A. Failure to Promote

Plaintiff alleges that she was not promoted to the IMS position because of unlawful race, sex, and age discrimination. (Compl. (Doc. 1) at 5-8.) "Section 1981 'guards generally against race-based discrimination in the workplace.'" Marshall v. C & S Rail Servs., LLC, No. 1:19CV986, 2021 WL 1341801, at *6 (M.D.N.C. Apr. 9, 2021) (quoting Lemon v. Myers Bigel, P.A., 985 F.3d 392, 399 (4th Cir.)); see also 42 U.S.C. § 1981. Similarly, Title VII makes it unlawful for an employer to "discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, . . . [or] sex." 42 U.S.C. § 2000e-2(a)(1). Under Title VII, it is also unlawful for an employer to not promote an employee on the basis of race or sex. See, e.g.,

---

[2] Plaintiff's and Defendant's arguments on the procedural history with respect to the timing of Plaintiff's EEOC filings are troubling to this court. (See Def.'s Br. (Doc. 6) at 9-10; Pl.'s Resp. (Doc. 7) at 16-17.) Neither party has provided any information as to the date Defendant cancelled the IMS position, nor have the parties provided any detail as to Plaintiff's specific EEOC charge, such as what discriminatory conduct was alleged in the charge or even the date of filing the charge. Yet both parties argue, in a general and conclusory fashion, that the charge was either timely or untimely. If the issue need be addressed at a later stage of this proceeding, the parties should be prepared to present facts, rather than conclusory arguments.

Carter v. Ball, 33 F.3d 450, 458 (4th Cir. 1994) (discussing legal standard for failure to promote under Title VII). Also, "[t]he ADEA prohibits employers from refusing to hire, discharging, or otherwise discriminating against any person who is at least 40 years of age because of the person's age." Tickles v. Johnson, 805 F. App'x 204, 206-07 (4th Cir. 2020) (internal citations omitted); see also 29 U.S.C. §§ 623(a), 631(a).

The elements required to establish a prima facie case of race discrimination are the same under Title VII and section 1981; therefore, the court considers these claims together. See Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 133 n.7 (4th Cir. 2002); Gairola v. Va. Dep't of Gen. Servs., 753 F.2d 1281, 1285-86 (4th Cir. 1985); McDougal-Wilson v. Goodyear Tire and Rubber Co., 427 F. Supp. 2d 595, 604 (E.D.N.C. 2006). A plaintiff can prove race, sex, or age discrimination either through direct evidence of discrimination or circumstantially through the McDonnel Douglas burden-shifting framework. See McDonnel Douglas, 411 U.S. 792, 802 (1973); see also Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 959 (4th Cir. 1996) (same Title VII standard for sex discrimination); Henson v. Liggett Grp., 61 F.3d 270, 274-75 (4th Cir. 1995) (applying McDonnell Douglas to ADEA cases). "[I]n order to establish a

- 8 -

Case 1:22-cv-00051-WO-LPA   Document 9   Filed 03/31/23   Page 8 of 20

prima facie case of racial discrimination . . . under either Title VII or section 1981, [a plaintiff] need[s] to show: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action . . .; and (4) that similarly-situated employees outside the protected class received more favorable treatment." White v. BFI Waste Servs., LLC, 375 F.3d 288, 295 (4th Cir. 2004).

However, at the motion to dismiss stage, a plaintiff is not required to plead a prima facie case of discrimination. Swierkiewicz, 534 U.S. at 511; see also Iqbal, 556 U.S. at 682–83 (plaintiff must plead facts supporting reasonable inference of discriminatory intent). A complaint alleging discrimination is not sufficient

> if, under the ordinary rules for assessing the sufficiency of a complaint, it fails to state a plausible claim for relief under Title VII. See Coleman v. Md. Ct. of App., 626 F.3d 187, 190 (4th Cir. 2010) ("[W]hile a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level.").

McCleary-Evans, 780 F.3d at 585 (cleaned up).

Plaintiff does not allege any facts to plead direct discrimination on the basis of race, sex, or age, so this court proceeds under the McDonnel Douglas framework for a circumstantial case of discrimination. Plaintiff plausibly

- 9 -

alleges her membership in protected classes based on her age, sex, and race. Assuming, arguendo, that Plaintiff has plausibly alleged an adverse employment action — that is, failure to promote — Plaintiff has not provided any facts to plausibly allege that she was subject to unlawful discrimination. Plaintiff's allegations fail to "raise a right to relief above the speculative level." See McCleary-Evans, 780 F.3d at 585 (quoting Twombly, 550 U.S. at 555.) Plaintiff's allegations as to any discriminatory treatment are merely conclusory statements.

As to each of the discrimination claims — race, sex, and age — Plaintiff's allegations as to discrimination are, in total:

> [Plaintiff] applied for the specific position of Investment Management Specialist.
>
> [Plaintiff] was qualified for the position.
>
> [Plaintiff's] application was rejected under circumstances giving rise to an inference of discrimination.

(Compl. (Doc. 1) ¶¶ 25-27, 29-31, 33-35, 37-39.) Plaintiff offers no facts that might plausibly support any "circumstances giving rise to an inference of discrimination." (See id.)

The Fourth Circuit has held that conclusory allegations that an employer took an adverse employment action based on a discriminatory basis do not plausibly state a claim for relief.

- 10 -

See Tickles, 805 F. App'x at 207 (addressing age discrimination); McCleary-Evans, 780 F.3d at 588 (applying the same standard to race and sex discrimination). In Tickles, the plaintiff, a 48-year-old man, alleged age discrimination when he was "passed over" for a promotion in favor of "two younger, less qualified individuals." 805 F. App'x at 205. The Fourth Circuit noted that the plaintiff's complaint lacked "specific allegations that would give rise to a reasonable inference of age-based discrimination, such as the nature of the requirements for promotion, [the plaintiff's] own qualifications, the qualifications and rule violations of his proposed comparators, or even the proposed comparators' proximity in age to his own." Id. at 208. The Fourth Circuit affirmed the lower court's decision granting the defendant's motion to dismiss. Id.

Similarly, the Fourth Circuit recently explained in Nadendla v. WakeMed, 24 F.4th 299, 304-06 (4th Cir. 2022):

> "A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the claims pled in a complaint." ACA Fin. Guar. Corp. v. City of Buena Vista, Va., 917 F.3d 206, 211 (4th Cir. 2019). The Federal Rules of Civil Procedure require that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. "Labels, conclusions, recitation of a claim's elements, and naked assertions devoid of further factual enhancement will not suffice to meet the Rule 8 pleading standard." ACA Fin. Guar. Corp., 917 F.3d at 211.

- 11 -

Case 1:22-cv-00051-WO-LPA   Document 9   Filed 03/31/23   Page 11 of 20

To meet the Rule 8 standard and "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 570). To contain sufficient factual matter to make a claim plausible, the factual content must "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

. . .

However, [the plaintiff] provides no details about any of these conclusory allegations. For example, she does not give any facts to suggest that [the defendant's] treatment of other physicians of Indian descent was unjustified. She does not provide any details about how the peer review process for physicians of Indian descent was different from the process for white physicians either. She does not even describe how she was treated differently than the similarly situated white physicians.

[The plaintiff] responds that Woods v. City of Greensboro, 855 F.3d 639 (4th Cir. 2017), supports her position that she has pled sufficient factual allegations to survive a 12(b)(6) motion. There, a minority-owned business sued a city, asserting a claim for race discrimination under § 1981 arising out of a city's denial of an economic-developmental loan. But in Woods, the minority-owned business pled the following:

> (1) the results of a disparity study demonstrating a pattern of the City almost exclusively lending to nonminority-owned businesses; (2) facts which suggest that the business-owners' residence had sufficient equity to fully secure a third-position lien; and (3) examples of how the City has treated nonminority businesses differently, including taking a third-position lien in approving a loan to a nonminority corporation, which the City had refused to do for the minority-owned business in Woods.

- 12 -

> We determined that such facts created a plausible inference of discrimination because they suggested that the city treated nonminority businesses different from minority businesses, and the only plausible explanation was race.
>
> But [the plaintiff's] allegations fall far short of the plaintiffs' allegations in Woods. [The plaintiff] premises her § 1981 claim on only vague and conclusory allegations that [the defendant] denied other physicians of Indian descent clinical privileges before or had a different peer review process for white physicians. Without factual detail, we are unable to infer that [the defendant] intended to interfere with a contractual interest of [the plaintiff] on the basis of race. Instead, we are left with just the sort of "labels, conclusions, recitations of a claims' elements and naked assertions devoid of further factual enhancement," ACA Fin. Guar. Corp., 917 F.3d at 211, that the Supreme Court (and [the Fourth Circuit]) have held will not suffice to meet the Rule 8 standard, Iqbal, 556 U.S. at 678; see also Lemon, 985 F.3d at 394 (affirming dismissal of a § 1981 complaint because it alleged only facts supporting "that the plaintiff was treated differently, not that she was treated differently because of her race").

Nadendla, 24 F.4th at 304–06 (cleaned up) (emphasis in original).

Here, Plaintiff offers only conclusory statements that speculate on why Plaintiff was not selected for the IMS position, and Plaintiff fails to allege any facts to plausibly allege that the reason she was not promoted to IMS Associate was because of her race, sex, or age. (See, e.g., Compl. (Doc. 1) ¶¶ 27, 31, 35, 39.)

This court finds Defendant's motion to dismiss should be granted as to the First, Second, Third, and Fourth Causes of Action. This dismissal will be without prejudice. The nature of a dismissal under Rule 12(b)(6) is left to the discretion of the district court. See Abdul-Mumit v. Alexandria Hyundai, LLC, 896 F.3d 278, 292 (4th Cir. 2018). Here, two facts cause this court to conclude that dismissal without prejudice is appropriate. First, this court will allow the retaliation claims to proceed, see infra Section III.B; this litigation is at an early stage, and Plaintiff may have an opportunity to timely amend her complaint if she so chooses, assuming an amendment is not barred by prejudice, bad faith, or futility. See Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006). Second, Plaintiff's complaint is so barebones that this court is not able to determine whether Plaintiff has alleged all facts known to her concerning her discrimination claims. While "a dispositive motion [is not] a 'dry run' for the nonmovant to 'wait and see' what the district court will decide before requesting leave to amend," Abdul-Mumit, 896 F.3d at 292, management of this court's docket with an eye towards efficient resolution suggests the dismissal should be without prejudice.

## B. Retaliation

Plaintiff also alleges that Defendant retaliated against her in violation of Title VII, section 1981, and the ADEA. It is unlawful "for an employer to discriminate against any of his employees . . . because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a). "A prima facie retaliation claim under 42 U.S.C. § 1981 has the same elements" as one under Title VII, Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 281 (4th Cir. 2015), as does a prima facie retaliation claim under the ADEA, see Laber, 438 F.3d at 432. "To establish a prima facie case of retaliation . . ., a plaintiff must prove (1) that she engaged in a protected activity, as well as (2) that her employer took an adverse employment action against her, and (3) that there was a causal link between the two events." Id. (internal citations and quotations omitted). Although close, Plaintiff plausibly alleges all three elements of a retaliation claim.

First, complaining to management about discrimination is protected activity. "[I]nformal complaints about discriminatory treatment relating to a protected status constitute protected activity" for purposes of a retaliation claim. Volochayev v.

Sebelius, 513 F. App'x 348, 354 (4th Cir. 2013). This may include "voicing complaints to employers or using an employer's grievance procedures." Armstrong v. Index J. Co., 647 F.2d 441, 448 (4th Cir. 1981). Plaintiff alleges that she emailed Wells Fargo CEO Charlie Scharf complaining of race, sex, and age discrimination. (Compl. (Doc. 1) ¶ 19.) An email to the CEO of a company complaining of unlawful discrimination is plausibly "voicing [a] complaint[] to [Plaintiff's] employers." See Armstrong, 647 F.2d at 441. Although lacking in detail, Plaintiff has plausibly alleged that she engaged in protected activity.

Second, removal of accounts could be construed as adverse employment action if, as alleged, it results in a reduced opportunity for promotion. (See Compl. (Doc. 1) ¶ 21.) "[T]he typical requirements for a showing of an 'adverse employment action' that can support a [retaliation] claim" include "discharge, demotion, decrease in pay or benefits, loss of job title or supervisory responsibility, or reduced opportunities for promotion." Boone v. Goldin, 178 F.3d 253, 255 (4th Cir. 1999) (emphasis added). Plaintiff alleges that "[s]hortly after her [email] complaint [of race, sex, and age discrimination], [her] accounts were reduced so that she was no longer eligible for a future Investment Management Specialist position." (Compl.

(Doc. 1) ¶ 21.) Thus, Plaintiff plausibly alleges a reduced opportunity for promotion, which is an adverse employment action.

Third, alleging causation at the pleading stage is "not an onerous burden," and retaliation plaintiffs "do not have to show at the prima facie stage that their protected activities were but-for causes of the adverse action." Strothers v. City of Laurel, 895 F.3d 317, 335 (4th Cir. 2018). Still, plaintiffs must allege facts plausibly supporting an inference of causation, a task that may be accomplished by alleging facts that show the employer took an adverse action "soon after becoming aware of [the protected] activity." Id. at 336 (emphasis added). If a plaintiff seeks to prove causation by temporal proximity alone, the adverse employment action must be "very close" in time to the protected activity. Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 274 (2001) (per curiam). "A lengthy time lapse between the employer becoming aware of the protected activity and the alleged adverse employment action . . . negates any inference that a causal connection exists between the two." Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 657 (4th Cir. 1998); see also Penley v. McDowell Cnty. Bd. of Educ., 876 F.3d 646, 656 (4th Cir. 2017) (finding that eight to nine months between awareness

of the protected activity and the alleged adverse employment action is not sufficiently close in time).

A "ten-week lapse of time" between protected activity and the adverse employment action "sufficiently establishe[s] a prima facie case of retaliation" for purposes of a motion to dismiss. Silvia v. Bowie State Univ., 172 F. App'x 476, 478 (4th Cir. 2006) (per curium) (vacating a district court's order granting the defendant's motion to dismiss the plaintiff's claim of retaliatory discharge); cf. King v. Rumsfeld, 328 F.3d 145, 151, 151 n.5 (4th Cir. 2003) (concluding that ten weeks between the protected activity and adverse employment action "gives rise to a sufficient inference of causation" when an end-of-year performance review was already scheduled for that time, although the court noted that "[t]his length of time . . . is sufficiently long so as to weaken significantly the inference of causation between the two events").

Plaintiff alleges that she engaged in protected activity in September 2020, (Compl. (Doc. 1) ¶ 19), and "[s]hortly after," she experienced the reduction in accounts that rendered her ineligible for promotion to IMS, (id. ¶ 21). Plaintiff does not provide a specific date for the alleged adverse employment action. Nevertheless, Defendant fails to provide a persuasive argument that "shortly after" is somehow inconsistent with

establishing a causal connection between any complaint and alleged retaliation, given the standard of "soon after becoming aware of [the protected activity]" that the Fourth Circuit found sufficient in Strothers v. City of Laurel. See 895 F.3d at 336.

This court is not able to determine, by either an allegation or a reasonable inference, whether the timing of any retaliatory action by Defendant undermines Plaintiff's claim of retaliation. The court is required to "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." Ray, 948 F.3d at 226. Because a plausible inference as to the timing of the alleged retaliation in connection with Plaintiff's protected activity suggests the reduction in accounts may have been "soon after" the complaint, these allegations plausibly allege retaliation. This court will deny Defendant's motion to dismiss without prejudice to a determination at a later stage as to the factual issues of the timing of any alleged retaliation and the probative effect of that timing.

## IV. CONCLUSION

In sum, Plaintiff fails to plausibly allege her claims for discriminatory failure-to-promote to the IMS position, but Plaintiff plausibly alleges her claims of retaliation. Defendant's motion to dismiss will be granted as to Plaintiff's

- 19 -

Case 1:22-cv-00051-WO-LPA   Document 9   Filed 03/31/23   Page 19 of 20

claims for discriminatory failure-to-promote, but the motion will be denied as to Plaintiff's claims of retaliation.

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that Defendant Wells Fargo Bank, National Association's Motion to Dismiss, (Doc. 5), is **GRANTED IN PART AND DENIED IN PART.**

**IT IS ORDERED** that Defendant's Motion to Dismiss, (Doc. 5), is **GRANTED** as to the First, Second, Third, and Fourth Causes of Action, and those causes of action are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, (Doc. 5), is **DENIED WITHOUT PREJUDICE** as to the Fifth, Sixth, and Seventh Causes of Action. The motion is denied without prejudice to Defendant raising causation and timing as defenses to retaliation in further stages of this proceeding upon a more developed factual record.

This the 31st day of March, 2023.

```
                          _____
                              United States District Judge
```