IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ADRIENNE BOONE,                )
                               )
       Plaintiff,              )
                               )
   v.                          )     1:22-cv-51
                               )
WELLS FARGO BANK, NATIONAL     )
ASSOCIATION,                   )
                               )
       Defendant.              )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Presently before this court is Plaintiff Adrienne Boone's Motion to Amend Complaint. (Doc. 11.) Defendant Wells Fargo Bank, National Association, ("Wells Fargo") filed a response in opposition. (Doc. 14.) Plaintiff replied. (Pl.'s Reply in Supp. of Pl.'s Mot. to Am. ("Pl.'s Reply") (Doc. 15).) For the reasons provided herein, Plaintiff's motion will be denied as futile.

### I.  BACKGROUND

The facts, as originally alleged by Plaintiff, are presented fully in this court's prior Memorandum Opinion and

order addressing Defendant's motion to dismiss. (Doc. 9.)[1] For context, they are summarized in brief as follows:

Plaintiff "is a [B]lack female over the age of [forty]." (Mem. Op. and Ord. (Doc. 9) at 2-3 (quoting Compl. (Doc. 1) ¶ 8.) In 2017, Plaintiff was an IFS Associate at Wells Fargo. (Id. at 2.) Plaintiff performed the duties of an Investment Management Specialist ("IMS") and was assigned a previous IMS's clients, but she was not salaried and did not receive the IMS pay, bonus or benefits. (Id.) In February 2020, Plaintiff applied and interviewed for an IMS position, and she was later informed that the position was cancelled and left unfilled. (Id. at 2-3.)

In September 2020, Plaintiff emailed Wells Fargo CEO Charlie Scharf complaining of race, sex, and age discrimination. (Id. at 3.) Subsequently, Plaintiff's accounts were reduced such that Plaintiff would no longer be eligible for promotion to the IMS position, should one become available. (Id.)

In December 2020, Plaintiff filed a charge of employment discrimination with the EEOC, and Plaintiff was issued a right to sue letter in October 2021. (Id.)

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

- 2 -

On January 24, 2022, Plaintiff filed her complaint in this court alleging race, sex, and age discrimination, as well as retaliation. (Compl. (Doc. 1) at 5–8.) Specifically, Plaintiff alleged: race discrimination for Plaintiff's non-promotion to the IMS position in violation of Title VII of the Civil Rights Act ("Title VII") and 42 U.S.C. § 1981; sex discrimination for Plaintiff's non-promotion to the IMS position in violation of Title VII; age discrimination for Plaintiff's non-promotion to the IMS position in violation of the Age Discrimination in Employment Act ("ADEA"); and retaliation in violation of Title VII, 42 U.S.C. § 1981, and the ADEA. (Id.)

Defendant moved to dismiss all of Plaintiff's claims. (Doc. 5.) This court granted Defendant's motion to dismiss without prejudice as to Plaintiff's claims of race, sex, and age discrimination. This court denied Defendant's motion as to Plaintiff's claims for retaliation. (Mem. Op. and Ord. (Doc. 9) at 19–20.)

Plaintiff now moves to amend her complaint. (Doc. 11.) In her motion to amend, Plaintiff alleges the following additional, relevant facts:

Plaintiff's "qualifications included 22 years of experience in the financial industry, Certification from CFA Institute Investment Foundations Program, Life and Health licensed in

- 3 -

North Carolina since November 10, 2000, and a Certified Trust Financial Advisor since September 2015." (Am. Compl. and Jury Request (Doc. 11-1) ¶ 13.)

A regional manager informed Plaintiff "that she was qualified for the Investment Management Specialist position." (Id. ¶ 14.)

Plaintiff "was informed the [IMS] position was cancelled on July 1, 2020." (Id. ¶ 19.)

"At the time, [Plaintiff] was 62 years old." (Id. ¶ 21.) "[T]here were 6 Investment Management Specialists: two [W]hite females in their 30s, two [W]hite males in their 30s, a [W]hite male who was roughly 40, and a [W]hite female who was 47." (Id. ¶ 22.) "There [were] no Black Investment Management Specialists." (Id. ¶ 24.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleading once as a matter of course under certain circumstances not applicable here. Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires[,]" id., denying leave "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the

- 4 -

Case 1:22-cv-00051-WO-LPA   Document 16   Filed 08/25/23   Page 4 of 14

moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (citation and internal quotation marks omitted).

With respect to futility, leave to amend "should only be denied . . . when the proposed amendment is clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986) (citations omitted). "An amendment would be futile if the amended claim would fail to survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)." Syngenta Crop Prot., Inc. v. E.P.A., 222 F.R.D. 271, 278 (M.D.N.C. 2004) (citation omitted). A Rule 12(b)(6) motion tests the legal sufficiency of a complaint. See Neitzke v. Williams, 490 U.S. 319, 326–27 (1989).

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demonstrates "more than a sheer possibility that a defendant has

- 5 -

Case 1:22-cv-00051-WO-LPA   Document 16   Filed 08/25/23   Page 5 of 14

acted unlawfully." Id. The factual allegations must be sufficient to "raise a right to relief above the speculative level" so as to "nudge[] the[] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 555, 570; see also Iqbal, 556 U.S. at 680.

Employment discrimination complaints must meet the Twombly/Iqbal plausibility standard; however, the plaintiff is not required to make out a prima facie case or satisfy any heightened pleading requirements at the motion to dismiss stage. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002); McCleary-Evans v. Md. Dep't of Transp., 780 F.3d 582, 584–85 (4th Cir. 2015). The plaintiff is, however, required to plead facts that permit the court to reasonably infer each element of the prima facie case. McCleary-Evans, 780 F.3d at 585; see also Iqbal, 556 U.S. at 682-83 (holding that the plaintiff must plead facts supporting a reasonable inference she was discriminated against because of her race or sex).

### III. **ANALYSIS**

Plaintiff moves to amend her complaint with additional factual allegations related to her claims for race, sex, and age discrimination. This court finds those additional allegations are futile to enable her race, sex, and age discrimination

- 6 -

Case 1:22-cv-00051-WO-LPA   Document 16   Filed 08/25/23   Page 6 of 14

claims to survive a Rule 12(b)(6) motion to dismiss, so this court will deny her motion to amend.

Plaintiff alleges that she was not promoted to the IMS position because of unlawful race, sex, and age discrimination. (Compl. (Doc. 1) at 5–8.) "Section 1981 'guards generally against race-based discrimination in the workplace.'" Marshall v. C & S Rail Servs., LLC, No. 1:19CV986, 2021 WL 1341801, at *6 (M.D.N.C. Apr. 9, 2021) (quoting Lemon v. Myers Bigel, P.A., 985 F.3d 392, 399 (4th Cir.)); see also 42 U.S.C. § 1981. Title VII makes it unlawful for an employer to "discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, . . . [or] sex." 42 U.S.C. § 2000e-2(a)(1). This includes failure to promote an employee on the basis of race or sex. See, e.g., Carter v. Ball, 33 F.3d 450, 458 (4th Cir. 1994) (discussing legal standard for failure to promote under Title VII). "The ADEA prohibits employers from refusing to hire, discharging, or otherwise discriminating against any person who is at least 40 years of age because of the person's age." Tickles v. Johnson, 805 F. App'x 204, 206-07 (4th Cir. 2020) (internal citations omitted); see also 29 U.S.C. §§ 623(a), 631(a).

The elements required to establish a prima facie case of race discrimination are the same under Title VII and section 1981; therefore, the court considers these claims together. See Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 133 n.7 (4th Cir. 2002); Gairola v. Va. Dep't of Gen. Servs., 753 F.2d 1281, 1285–86 (4th Cir. 1985); McDougal-Wilson v. Goodyear Tire and Rubber Co., 427 F. Supp. 2d 595, 604 (E.D.N.C. 2006). A plaintiff can prove race, sex, or age discrimination either through direct evidence of discrimination or circumstantially through the McDonnel Douglas burden-shifting framework. See McDonnel Douglas, 411 U.S. 792, 802 (1973); see also Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 959 (4th Cir. 1996) (same Title VII standard for sex discrimination); Henson v. Liggett Grp., 61 F.3d 270, 274–75 (4th Cir. 1995) (applying McDonnell Douglas to ADEA cases). "[I]n order to establish a prima facie case of racial discrimination . . . under either Title VII or section 1981, [a plaintiff] need[s] to show: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action . . .; and (4) that similarly-situated employees outside the protected class received more favorable treatment." White v. BFI Waste Servs., LLC, 375 F.3d 288, 295 (4th Cir. 2004).

At the motion to dismiss stage, a plaintiff is not required to plead a prima facie case of discrimination. Swierkiewicz, 534 U.S. at 511; see also Iqbal, 556 U.S. at 682-83 (plaintiff must plead facts supporting reasonable inference of discriminatory intent). But a complaint alleging discrimination is not sufficient

> if, under the ordinary rules for assessing the sufficiency of a complaint, it fails to state a plausible claim for relief under Title VII. See Coleman v. Md. Ct. of App., 626 F.3d 187, 190 (4th Cir. 2010) ("[W]hile a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level.").

McCleary-Evans, 780 F.3d at 585 (cleaned up).

Plaintiff's proposed amendment does not allege any facts to plead direct or circumstantial discrimination based on race, sex, or age. Assuming, arguendo, that Plaintiff has plausibly alleged an adverse employment action — that is, failure to promote — Plaintiff has not provided any facts to plausibly allege that she was subject to unlawful discrimination. Plaintiff's allegations fail to "raise a right to relief above the speculative level." See McCleary-Evans, 780 F.3d at 585 (quoting Twombly, 550 U.S. at 555.)

Plaintiff's allegations as to any discriminatory treatment are merely conclusory statements. At most, Plaintiff alleges

that she is a sixty-two-year-old Black female and that the individuals in the IMS position were younger and White. While Plaintiff provided factual allegations concerning her experiences and certifications, those facts standing alone provide no basis for which to infer a discriminatory intent sufficient to plausibly allege an adverse employment action due to discrimination. See Tickles, 805 F. App'x at 207 (addressing age discrimination); McCleary-Evans, 780 F.3d at 588 (applying the same standard to race and sex discrimination).

In Tickles, the plaintiff, a 48-year-old man, alleged age discrimination when he was "passed over" for a promotion in favor of "two younger, less qualified individuals." 805 F. App'x at 205. A panel of the Fourth Circuit noted that the plaintiff's complaint lacked "specific allegations that would give rise to a reasonable inference of age-based discrimination, such as the nature of the requirements for promotion, [the plaintiff's] own qualifications, the qualifications and rule violations of his proposed comparators, or even the proposed comparators' proximity in age to his own." Id. at 208. The Fourth Circuit affirmed the lower court's decision granting the defendant's motion to dismiss. Id.

Similarly, in Nadendla v. WakeMed, the plaintiff, a physician of Indian origin, lost clinical and staffing

privileges at WakeMed's hospital. 24 F.4th 299, 302 (4th Cir. 2022). The plaintiff, among other claims, sued WakeMed for race discrimination in violation of § 1981. Id. at 303. The Fourth Circuit affirmed the lower court's dismissal of the plaintiff's § 1981 claim, explaining that the plaintiff failed to allege "factual details regarding race" that allowed the court "to draw a reasonable inference as to those legal requirements" that would enable the plaintiff to "survive a motion to dismiss." Id. at 305. The Fourth Circuit explained:

> [The plaintiff] provides no details about any of these conclusory allegations. For example, she does not give any facts to suggest that [the defendant's] treatment of other physicians of Indian descent was unjustified. She does not provide any details about how the peer review process for physicians of Indian descent was different from the process for white physicians either. She does not even describe how she was treated differently than the similarly situated white physicians.

Id. at 305-06. In addition to allegations of discrimination, the Fourth Circuit explained that the plaintiff's "allegations about causation fall short." Id. at 306 (finding a pleading that "[b]ut for Plaintiff's race, [WakeMed]'s wrongful conduct [that] Plaintiff alleged herein would not have occurred" does not allege specific facts that state a plausible claim for relief) (citing the joint appendix). The court found that the plaintiff's "allegations seem to be precisely the type that Iqbal and Twombly tell us are insufficient. Because her

- 11 -

allegations do not provide sufficient detail to create a plausible inference that WakeMed's actions were because of Nadendla's race, she has failed to plausibly state a claim under § 1t981." Id.

In comparison, the Fourth Circuit found that the plaintiffs in Woods v. City of Greensboro, in bringing race discrimination claims, had "alleged sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 855 F.3d 639, 653 (4th Cir. 2017). The facts plaintiffs alleged included: "(1) the results of a disparity study demonstrating a pattern of the City almost exclusively lending to nonminority-owned businesses; (2) facts which suggest that the [business-owners'] residence had sufficient equity to fully secure a third-position lien; and (3) examples of how the City has treated nonminority businesses differently, including taking a third-position lien in approving a loan to a nonminority corporation." Id. at 649.

Here, unlike Woods and like Nadendla, Plaintiff offers only conclusory statements that speculate about why Plaintiff was not selected for the IMS position, and Plaintiff fails to allege any facts to plausibly suggest that the reason she was not promoted to IMS Associate was because of her race, sex, or age. Plaintiff does not allege any facts related to the qualifications required

- 12 -

Case 1:22-cv-00051-WO-LPA   Document 16   Filed 08/25/23   Page 12 of 14

for the IMS position or the qualifications listed in the job posting, instead asking this court to guess that her qualifications were those Defendant sought in the IMS position it opened in 2020. While this court does not require that Plaintiff "allege the qualifications of any of the other applicants to the position," (Pl.'s Reply (Doc. 15) at 6), Plaintiff does not allege any facts describing "how she was treated differently than any similarly situated [W]hite" applicants, see Nadendla, 24 F.4th at 305–06. Similar to the analysis in Nadendla, "factual details regarding race are conspicuously absent." See id. at 305.

Plaintiff alleges that the six Investment Management Specialists were all White, but that allegation does not provide factual support of discrimination specific to Plaintiff. Furthermore, even if the allegation that the Management Specialists were all White provides a circumstantial inference, which standing alone it does not, Plaintiff fails to allege facts to show how her qualifications compare to those six individuals, nor does Plaintiff allege any facts which might permit a reasonable inference as to Plaintiff's circumstances, or the alleged discrimination.

Accordingly, Plaintiff's amended complaint still provides no such factual allegations that "nudge [her] claims across the

line from conceivable to plausible." See id. (citing Twombly, 550 U.S. at 570). Notwithstanding this court's denial of Defendant's motion to dismiss Plaintiff's retaliation claims, her amended complaint is futile, as it "would fail to survive a motion to dismiss for failure to state a claim [for race, sex, or age discrimination] pursuant to Federal Rule of Civil Procedure 12(b)(6)." See Syngenta Crop Prot., Inc., 222 F.R.D. at 278. Plaintiff's motion to amend, (Doc. 11), will be denied.

## IV. CONCLUSION

Plaintiff's proposed amended complaint lacks sufficient factual allegations to state a claim for race, sex, or age discrimination that is plausible on its face. Accordingly, Plaintiff's motion to amend will be denied as futile.

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that Plaintiff Adrienne Boone's Motion to Amend Complaint, (Doc. 11), is **DENIED**.

This the 25th day of August, 2023.

_____
United States District Judge

- 14 -