IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ADRIENNE BOONE,                    )
                                   )
          Plaintiff,               )
                                   )
     v.                            )     1:22cv51
                                   )
WELLS FARGO BANK,                  )
NATIONAL ASSOCIATION,              )
          Defendant.               )
```

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Plaintiff's "Second Motion to Amend Complaint" (Docket Entry 26 (all caps font omitted)). For the reasons that follow, the Court will grant in part and deny in part the instant Motion.[1]

## BACKGROUND

Plaintiff commenced this action by filing a Complaint on January 24, 2022. (Docket Entry 1 (the "Original Complaint").) According to the Original Complaint:

---

[1] For reasons stated in Deberry v. Davis, No. 1:08cv582, 2010 WL 1610430, at *7 n.8 (M.D.N.C. Apr. 19, 2010), the undersigned Magistrate Judge will enter an order, rather than a recommendation, as to the Motion to Amend. See also Everett v. Prison Health Servs., 412 F. App'x 604, 605 & n.2 (4th Cir. 2011) (explaining that, where the plaintiff "moved for leave to amend her complaint[] . . . to add a state-law claim of medical malpractice," "the magistrate judge denied [that] motion," and the plaintiff "timely objected, thereby preserving the issue for review by the district court," the district court "could not modify or set aside any portion of the magistrate judge's order unless the magistrate judge's decision was 'clearly erroneous or contrary to law'" (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a))).

> [Plaintiff] is a black female over the age of 40. [Plaintiff] began working for Wachovia in 2006. In 2011, [Plaintiff] was an officer at Wachovia when it was bought by [Defendant]. [Plaintiff] continued to serve as an officer for [Defendant] until 2017 when she took a position as an IFS Associate. In her role as an IFS Associate, she performed the duties of an Investment Management Specialist, but was not salaried and did not receive Investment Management Specialist pay, bonus[,] or benefits.

(Id. at 3.)[2] As summarized in a prior order, the Original Complaint further alleged: "In 2019, [Defendant] terminated an Investment Management Specialist ("IMS")[ and] Plaintiff was assigned that IMS's clients but did not receive the IMS title. In February 2020, [Defendant] posted an IMS position for which Plaintiff applied and was interviewed." (Docket Entry 9 at 2 (internal citations omitted).) Per the Original Complaint, Plaintiff did not receive the position, as "[t]he position was then cancelled and left unfilled." (Docket Entry 1 at 4.)

Afterwards (as another prior order recounted from the Original Complaint),

> [i]n September 2020, Plaintiff emailed Wells Fargo CEO Charlie Scharf complaining of race, sex, and age discrimination. Subsequently, Plaintiff's accounts were reduced such that Plaintiff would no longer be eligible for promotion to the IMS position, should one become available. In December 2020, Plaintiff filed a charge of employment discrimination with the EEOC, and Plaintiff was issued a right to sue letter in October 2021. On January 24, 2022, Plaintiff filed her complaint in this [C]ourt alleging race, sex, and age discrimination, as well as retaliation. Specifically, Plaintiff alleged:

---

2 Docket Entry page citations utilize the CM/ECF footer's pagination.

race discrimination for Plaintiff's non-promotion to the IMS position in violation of Title VII of the Civil Rights Act ("Title VII") and 42 U.S.C. § 1981; sex discrimination for Plaintiff's non-promotion to the IMS position in violation of Title VII; age discrimination for Plaintiff's non-promotion to the IMS position in violation of the Age Discrimination in Employment Act ("ADEA"); and retaliation in violation of Title VII, 42 U.S.C. § 1981, and the ADEA.

(Docket Entry 16 at 2-3 (internal citations omitted).)

Instead of answering the Original Complaint, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (See Docket Entry 5 (Defendant's Motion to Dismiss); see also Docket Entry 6 (supporting memorandum).) Thereafter, the Court (per United States District Judge William L. Osteen, Jr.) granted Defendant's motion to dismiss without prejudice as to Plaintiff's claims of race, sex, and age discrimination but denied Defendant's motion as to Plaintiff's claims for retaliation. (See Docket Entry 9 at 13-14 ("Plaintiff offers only conclusory statements . . . and Plaintiff fails to allege any facts to plausibly allege that the reason she was not promoted to IMS Associate was because of her race, sex, or age.").)

On April 28, 2023, Plaintiff, pursuant to Federal Rule of Civil Procedure 15 ("Rule 15"), filed a Motion to Amend. (See Docket Entry 11; see also Docket Entry 11-1 (the "First Amended Complaint").) However, the Court (per Judge Osteen) held that "Plaintiff's [First A]mended [C]omplaint lack[ed] sufficient factual allegations to state a claim for race, sex, or age

3

discrimination that is plausible on its face" and, accordingly, "denied [the motion] as futile." (Docket Entry 16 at 14.) In denying Plaintiff's First Motion to Amend as futile, Judge Osteen noted:

> Plaintiff does not allege any facts related to the qualifications required for the IMS position or the qualifications listed in the job posting . . . . While this [C]ourt does not require that Plaintiff allege the qualification of any of the other applicants to the position, . . . Plaintiff does not allege any facts describing how she was treated differently than any similarly situated White applicants. . . . Plaintiff fails to allege facts to show how her qualifications compare[d] to [the current] six [IMSs], nor does Plaintiff allege any facts which might permit a reasonable inference as to Plaintiff's circumstances, or the alleged discrimination.

(Id. at 12-13 (internal quotation marks, citations, and brackets omitted).)

Plaintiff now has moved to amend the Original Complaint for a second time. (See Docket Entry 26; see also Docket Entry 26-1 (the "Second Amended Complaint").) Defendant has responded in opposition, asserting that the Second Amended Complaint "fails to cure the defects . . . identified in [Judge Osteen's] Opinion and Order granting Defendant's Motion to Dismiss . . . and [Judge Osteen's] order denying Plaintiff's [First] Amend[ed] Complaint . . . ." (Docket Entry 27 at 1.) More specifically, Defendant maintained that "Plaintiff offers, again, nothing more than conclusory allegations with respect to her discrimination claims." (Id.) Plaintiff replied, characterizing the Response as

4

inaccurate due to the additional information provided in the Second Amended Complaint. (See Docket Entry 28 at 5-6, 11).

**RELEVANT STANDARDS**

Given the procedural posture of this case and Defendant's refusal of consent, Plaintiff "may amend [her] pleading only with . . . the [C]ourt's leave. The [C]ourt should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this standard, the Court has discretion, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." Forman v. Davis, 371 U.S. 178, 182 (1962). The Fourth Circuit has further explained that leave to amend a pleading should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (internal citation and quotation marks omitted). "An amendment is futile if the amended claim would fail to survive a motion to dismiss pursuant to [Rule] 12(b)(6)." Hall v. Greystar Mgmt. Servs., L.P., 637 F. App'x 93, 97 (4th Cir. 2016).

A Rule 12(b)(6) motion "tests the sufficiency of a complaint," but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Accordingly, in reviewing a motion to dismiss, the Court must "accept the facts

5

alleged in the complaint as true and construe them in the light most favorable to the plaintiff." Coleman v. Maryland Ct. of App., 626 F.3d 187, 189 (4th Cir. 2010), aff'd sub nom. Coleman v. Court of App. of Md., 566 U.S. 30 (2012). The Court must also "draw all reasonable inferences in favor of the plaintiff." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011) (internal quotation marks and citation omitted).

To avoid Rule 12(b)(6) dismissal, a complaint must contain sufficient factual allegations "to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To qualify as plausible, a claim needs sufficient factual content to support a reasonable inference of the defendant's liability for the alleged misconduct. See id.; Twombly, 550 U.S. at 556. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (internal quotation marks omitted). The factual allegations must be sufficient to "raise a right to relief above the speculative level" so as to "nudge[] the[] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 555, 570. "At bottom, determining whether a complaint states . . . a plausible claim for relief . . . will 'be a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 679).

To satisfy the Twombly/Iqbal plausibility pleading standard, however, Plaintiff need not make out a prima facie case of employment discrimination under any of the burden-shifting proof schemes developed for such claims. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002) (holding "an employment discrimination plaintiff need not plead a prima facie case of discrimination . . . to survive [a] motion to dismiss" because "[t]he prima facie case . . . is an evidentiary standard, not a pleading requirement"). Instead, Plaintiff must "allege facts to satisfy the elements of a cause of action created by th[e applicable] statute." McCleary-Evans v. Maryland Dep't of Transp. State Highway Admin., 780 F.3d 582, 585 (4th Cir. 2015).[3] "Accordingly, [the Court's] inquiry is whether [Plaintiff's Second

---

3 Here, Plaintiff has alleged discrimination in violation of Title VII, Section 1981, and the ADEA. (See Docket Entry 26-1 at 7-8.) Title VII prohibits an employer from "fail[ing] or refus[ing] to hire or . . . discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). Section 1981 states that "[a]ll persons . . . have the same right . . . to make and enforce contracts, to sue, be parties, give evidence and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). The ADEA prohibits an employer from "fail[ing] or refus[ing] to hire or . . . otherwise discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623.

7

Amended Complaint] alleges facts that plausibly state a violation of Title VII[, Section 1981, and/or the ADEA] above a speculative level." Bing v. Brivo Sys., LLC, 959 F.3d 605, 617 (4th Cir. 2020) (internal quotation marks omitted).

## **ANALYSIS**

The Second Amended Complaint includes additional factual allegations related to Plaintiff's claims for race, sex, and age discrimination against Defendant. Compare Docket Entry 1 at 3-5, and Docket Entry 11-1 at 3-5, with Docket Entry 26-1 at 3-7. Plaintiff's additional allegations provide sufficient facts to enable her race and age discrimination claims to survive a Rule 12(b)(6) motion to dismiss, but her sex discrimination claims remain deficient as a matter of law.

In the Second Amended Complaint, Plaintiff alleges Defendant did not promote her to the IMS position because of unlawful race, sex, and age discrimination in violation of Section 1981, Title VII, and the ADEA. (See Docket Entry 26-1 at 7-8.) "Section 1981 'guards generally against race-based discrimination in the workplace.'" Marshall v. C & S Rail Servs., LLC, No. 1:19CV986, 2021 WL 1341801, at *6 (M.D.N.C. Apr. 9, 2021) (quoting Lemon v. Myers Bigel, P.A., 985 F.3d 392, 399 (4th Cir. 2021)); see also 42 U.S.C. § 1981. Title VII makes it unlawful for an employer to "discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment,

8

because of such individual's race . . . [or] sex . . . ." 42 U.S.C. § 2000e-2(a)(l); see also, e.g., Carter v. Ball, 33 F.3d 450, 458 (4th Cir. 1994) (discussing legal standard for failure to promote under Title VII). "The ADEA prohibits employers from refusing to hire, discharging, or otherwise discriminating against any person who is at least 40 years of age because of the person's age." Tickles v. Johnson, 805 F. App'x 204, 206-07 (4th Cir. 2020) (internal quotation marks and citation omitted); see also 29 U.S.C. §§ 623(a), 631(a).

Plaintiff attempts to remedy the deficiencies from the First Amended Complaint (see Docket Entry 16 at 12-14) by alleging "[t]he required qualifications listed on the [2020 IMS] job posting" (Docket Entry 26-1 at 4) and describing the circumstances surrounding the promotion of the 29-year-old white female from IFS to IMS (see id. at 5-6). Specifically, the Second Amended Complaint alleges the following relevant facts:

> The required qualifications listed on the [2020 IMS] job posting [for which Plaintiff applied and interviewed] were two years of investment support experience, which [Plaintiff] more than met . . . . [T]here were six IMS's . . . [including] a 29-year-old white female . . . . [N]one [of the six IMSs] had the industry experience or certifications that [Plaintiff] had . . . [and] at least one had less [experience than Plaintiff]. The 29-year-old white female's only investment support experience was as an IFS, a position she held with Wells Fargo for less than two years before she was promoted to IMS. [Regional Manager David] Wharton mentored the 29-year-old white female and Wells Fargo paid for her to get CFP certification, a certification that Wharton had not told [Plaintiff] was needed for the position, and that Wells Fargo had not

9

>     offered to help [Plaintiff] get. The 29-year-old white
>     female was promoted from IFS to IMS in 2019 without a
>     position being posted, immediately after she received her
>     CFP certification.

(Id. at 4-6.)

As previously established, "[P]laintiff need not plead a prima facie case of discrimination" at this stage of the case. Swierkiewicz, 534 U.S. at 515. Rather, Plaintiff must "allege facts to satisfy the elements of a cause of action created by th[e applicable] statute." McCleary-Evans, 780 F.3d at 585.

To establish her causes of action, in her Original Complaint and First Amended Complaint, Plaintiff alleged that "she is a sixty-two-year-old Black female" and "provided factual allegations concerning her experiences and certifications" relevant to the IMS position. (Docket Entry 16 at 10.) With the Second Amended Complaint, Plaintiff has supplemented the previously alleged "facts to plausibly suggest that the reason she was not promoted to IMS Associate was because of her race . . . or age" (id. at 12). First, the Second Amended Complaint alleges the "qualifications listed in the [2020 IMS] job posting" (id. at 13) as "two years of investment support experience, which [she] more than met" (Docket Entry 26-1 at 4). Next, regarding "facts describing 'how she was treated differently than any similarly situated white [employees]'" (Docket Entry 16 at 13 (quoting Nadendla v. WakeMed, 24 F.4th 299, 305-06 (4th Cir. 2022)), the Second Amended Complaint alleges that Defendant paid for the 29-year-old white female IMS associate to

10

receive additional certification, which the Regional Manager "had not told [Plaintiff] was needed for the position" (Docket Entry 26-1 at 5). Further, according to the Second Amended Complaint, Defendant "had not offered [the same] help [to Plaintiff]." (Id.) Finally, the Second Amended Complaint alleges that the 29-year-old white female received her promotion to the IMS position "immediately after she received [the new] certification" (id. at 6), without going through a job-posting process (see id.).

These additional allegations provide "facts which suggest that [Plaintiff] had sufficient [qualifications] to fully secure a[n IMS position]" and an "example[] of how [Defendant] has treated nonminority [employees] differently," Woods v. City of Greensboro, 855 F.3d 639, 648 (4th Cir. 2017). See Brown v. Target Inc., No. 14-CV-0950, 2015 WL 6163609 at *6-7 (D. Md. Oct. 16, 2015) ("[The plaintiff] has alleged facts sufficient to nudge her claim . . . from conceivable to plausible. . . . [The plaintiff] alleges . . . [the defendant] promoted younger, white . . . associate[s] . . . [before the defendant] posted [the] position[s] . . . . [The plaintiff] maintains that she was clearly more qualified[ and] more experience[d] . . . than the individuals who were selected and promoted." (internal quotation marks omitted)); see also Pouncey v. Guilford Cnty., No. 1:18cv1022, 2020 WL 1274264 at *9 (M.D.N.C. Mar. 17, 2020) ("[The p]laintiff has alleged enough facts to raise her right to relief above the

11

speculative level. . . . [T]he only other candidate was someone with less experience and less time employed with [the defendant] . . . . [T]hat employee was allegedly afforded training that was denied to [the p]laintiff . . . . These allegations are enough at this stage."). Indeed, in discussing Swierkiewicz, the Fourth Circuit indicated that such allegations would suffice to state a claim. See McCleary-Evans, 780 F.3d at 586 (distinguishing the plaintiff's failure to state a claim from allegations in Swierkiewicz by nothing that, in said Supreme Court case, the plaintiff "alleged specifically that the new chief underwriting officer was 'less experienced and less qualified' for the position . . . [with] 'only one year of underwriting experience at the time he was promoted,' whereas [the plaintiff there] 'had 26 years of experience in the insurance industry'" and adding that "this last detail is precisely the kind of allegation that is missing from [the instant plaintiff's] complaint" (quoting Swierkiewicz, 534 U.S. at 508)).

In light of the foregoing authority, the Second Amended Complaint's new allegations, including (1) the listed qualifications for the 2020 IMS job posting, (2) Plaintiff's qualifications in comparison with the qualifications of the newly promoted 29-year-old white female IMS, and (3) the situation surrounding the promotion of the 29-year-old white female IMS, specifically that (i) Defendant provided the 29-year-old white

12

female with an opportunity to receive additional certification, (ii) Defendant did not offer Plaintiff the same certification opportunity, (iii) Defendant told Plaintiff the additional certification was not necessary, and (iv) without a public job posting, Defendant promoted the 29-year-old white female to the IMS position immediately after her completion of the additional certification, taken together provide sufficient factual matter to "nudge [Plaintiff's race and age discrimination] claims across the line from conceivable to plausible," Twombly, 550 U.S. at 570.

However, the supplemental allegations provided in the Second Amended Complaint remain insufficient as to Plaintiff's claims of sex discrimination. The Second Amended Complaint lacks any factual allegations "which might permit a reasonable inference [of sex discrimination]." (Docket Entry 16 at 13.) Plaintiff's example regarding the treatment of the 29-year-old white female IMS agent in comparison to her own "does not provide factual support of [sex] discrimination specific to Plaintiff." (Id.) Consequently, Plaintiff's sex discrimination claim cannot proceed, as it "would fail to survive a motion to dismiss for failure to state a claim [for sex discrimination] pursuant to [Rule] 12(b)(6)." Syngenta Crop Prot., Inc. v. E.P.A., 222 F.R.D. 271, 278 (M.D.N.C. 2004).

13

## CONCLUSION

Plaintiff's Second Amended Complaint contains sufficient factual allegations to state a claim for race and age discrimination, but not a claim for sex discrimination.

**IT IS THEREFORE ORDERED** that the Second Motion to Amend (Docket Entry 26) is **GRANTED IN PART AND DENIED IN PART** in that (A) Docket Entry 26-1 is deemed the operative pleading with Plaintiff's sex discrimination claim stricken under Fed. R. Civ. P. 12(f) and (B) Defendant is ordered to file an answer to said pleading by June 17, 2024.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

June 3, 2024